This is number 25-10415, John Wilson Jr. v. Secretary of the Florida Department of Corrections. Mr. Sizemore, we know you were court appointed and we want to thank you not only on our behalf but your client's behalf for taking on the representation. We really do appreciate it. Thank you, your honors. I thank the court for the opportunity and for taking the time to hear Mr. Wilson's case. Good morning and may it please the court. This court ordered a supplemental briefing on a narrow procedural question of whether Mr. Wilson, a pro se inmate, adequately moved to amend his complaint by filing his objections to the magistrate judge's report in this case. The answer to that question is yes. Because Mr. Wilson did adequately move to amend, this court should reverse dismissal of the complaint in this case and remand so that the district court can either allow Mr. Wilson to file his amended complaint or so that the district court can consider his supplemental allegations in the first instance. Can I ask you a practical question? Absolutely. And you walked into this case as the record had already been set so this has nothing to do with your representation of Mr. Wilson, but is there any practical difference for Mr. Wilson with regards to what we rule? I mean, if we agree with you and we say the district court should have considered his request to amend embedded in his objections, the district court is now going to probably ask him to file an amended complaint, right? Correct. That is no different than him filing a new complaint because his earlier case was dismissed without prejudice. Both complaints are going to have to try to make a showing of imminent danger so that he doesn't have to pay the filing fee and get out from under the three strikes provision. I know this is not an issue you created, but I'm just asking like practically what he's going to have to file under your view of the case, an amended complaint for the court to review, and under the state's version, he's dismissal without prejudice, he's going to file a new complaint in a new case and he's going to make the same allegations of imminent harm, whether those are sufficient or not is a different story, and everyone's going to have to go through the same procedures again. Absolutely, Your Honor. And to your point, that goes to the point that the Secretary raised in the brief that dismissal without prejudice, paraphrasing a little bit, effectively grants Mr. Wilson an opportunity to amend. We think that that is incorrect for three reasons. First, Brown forecloses that path forward. In that case, you had nearly the exact same circumstances here where you had a three strikes pro se plaintiff, a magistrate judge wrote a report that recommended dismissal, and the district court adopted that report and dismissed the complaint without prejudice. But if the Secretary were right, that case would have ended with an affirmance on appeal. Instead, this court reversed and remanded so that the plaintiff in that case could file his amended complaint. Second, Rule 15A grants every plaintiff the right to amend their pleadings once as a matter of course, and that right is illusory if the district court can, without implying wrongdoing on the district court's part, bypass that right simply by dismissing without prejudice. And a third point, just to take a step back, is that in a three strikes complaint, to Your Honor's point, the plaintiff is proceeding under Section 1915G and alleging imminent harm of bodily injury. And so we think it makes little sense and would actually undermine the purpose of Section 1915G if the district court has the substance of the allegations before it, it recognizes that the plaintiff is trying to put those allegations before the court to dismiss the complaint because that runs the risk of the harm materializing in the interim for the plaintiff. Here, Mr. Wilson, as is in the record, was later moved to another facility, but we do think that under Brown and under Section 1915G, the district court's path here is error. And so to return to the point— So what, in terms of the chronology of the case, he was moved to a different facility when? I don't know the exact answer to that question, Your Honor. Post-dismissal or pre-dismissal? Post-dismissal. Post-dismissal, okay. As far as I'm aware, and the record reflects his new address at the Mayo Correctional Annex once the appeal began in this case. And so to return to the three points, Your Honor, that I think establish why the court should reverse and remand here, one, as the district court—or as the Secretary concedes, the district court was required to liberally construe Mr. Wilson's objections, and we think under the correct liberal construction, those objections did everything they needed to do to invoke his right to amend. In response to a report and recommendation that identified purported deficiencies in his complaint, he put forth objections with new allegations that directly addressed those deficiencies, and the district court even acknowledged that he was trying to—that he offered those new allegations for the express purpose of addressing them, but the district court then just declined to consider them. Second, this court, going back to the old Fifth Circuit, has treated pro se filings that we think were much less clear than Mr. Wilson's objections as amendments to the pleadings. And third, case law from the Fifth and Eighth Circuits show that in these exact circumstances, those court treat objections to a magistrate judge's report as either an amendment to the pleadings or a motion to amend, and the court should do so here. And before I address those points in substance, I do just want to make a final point that as Brown shows— Can I ask you one more question? Please. Tell me why you think that any time a pro se litigant wants to amend, whether done the way that Mr. Wilson did or through a formal motion, and the district court has already entered a dismissal order, the court engages in sort of a futility analysis to find out whether or not the proposed amended pleading would rectify any of the mistakes or defects that it found before. Can you tell me why you think that the new information that he put in his objections, the things that he wanted to add, sort of at least raise a colorable claim of information that was imminent danger? Absolutely, Your Honor. So taking one step back to the complaint, just to set the table, that complaint established that Mr. Wilson had been sexually assaulted in prison and then faced physical injury as a result of that assault. In his objections, he then further alleged that he was placed in general population with the same person who did that assault on him. Right, the person, the other inmate who assaulted him was moved out of the same cell that he was in after the attack, right? Out of the same cell, but they were still in general population together. Right, and I just wanted to make sure I knew the chronology correctly. So they weren't housed together cell-wise after the attack, but they were both in general population. Yes, and Mr. Wilson alleged in his objections that he had run into that inmate multiple times, that that inmate had continued, and that inmate had continued to threaten his life. And so I would point this court to its discussion in Brown of a case from the Eighth Circuit, Ashley v. Dilforth, and you can find that at 147 Federal 3rd, 715, whereas this court described in Brown, the plaintiff in that case had raised an imminent harm where he alleged that he had been repeatedly placed in proximity of inmates on his enemy alert list, and they had twice attacked him. We think, obviously they're not one-to-one, but we think that Mr. Wilson's supplemental allegations showing that he was still being exposed to this person who had sexually assaulted him and was continuing to threaten his life raise a similar imminent harm to his safety. Let me ask you one more question. You mentioned that the district court here should have either allowed Mr. Gibson to amend or considered the allegation in his objections as the amendment. Is there any authority regarding what the district court should do in that situation, and does it matter? I don't think it matters, Your Honor, and I actually think that this is where, to raise a point in the Secretary's brief, the abuse of discretion standard actually helps frame this. When faced with something like Mr. Wilson's objections, we think there is a range of possibilities that the district court can do. It can either require him to file a motion to amend, can require him to file an amended complaint, or it can just consider the allegations outright, or I guess put practically, it could construe it as a motion to amend, grant that motion in the same order that it construes it in, and then whether the correct path there is adopt the report or reject the report based on those allegations, it can do that. What is not in the range of permissible actions is just ignoring those allegations and dismissing the complaint outright without considering them.  And I'll use that as an opportunity to go to the liberal construction point and to address another point in the Secretary's brief, which is that while liberal construction does require the court to, to repeat myself, liberally construe the filings, the district court does not require to act as counsel. We don't think that that line, wherever it is, is crossed here for two reasons. One, in these circumstances where the report identifies deficiencies in the complaint and the objections directly go to those deficiencies, we think it's pretty clear that the only reason a plaintiff would do that is to supplement, i.e. amend the complaint and address those deficiencies. To give one example from this case, the magistrate judge stated that Mr. Wilson only alleged a past threat because he had been removed from the cell with the perpetrator, and Mr. Wilson addressed that point by saying, well, we're still in general population, he continues to threaten my life. Second, we think that showing that wherever the line between counsel and liberal construction isn't crossed, the court only needs to look to its cases from the old Fifth Circuit, the cases from the current Fifth Circuit and the Eighth Circuit, where those courts continually construe these types of objections as motions to amend or amendments. Clearly, those courts don't think that it goes beyond liberal construction there, and the court should not do that here, or the court should find that it would not here. And I'll just end by making one final point on the court's old opinions from the old Fifth Circuit, is that looking to those cases, and I'm talking about Wright, Woodall, and McRutter, those filings are much less clear than Mr. Wilson's that they wanted to amend. In Wright, the court construed a pro se prisoner's filing, captioned a motion in support of the complaint as an amendment. In Woodall, the court construed letters that were just filed on the district court docket as an amendment, and in McRutter— But in that case, though, there's a line in the opinion, I think, that says that the filed. That's right. Right, so it's sort of a little bit different. The court was already taking letters as sort of the equivalent of pleadings or motions. Correct, but the point stands, we think, Your Honor, that that's less clear as an amendment than Mr. Wilson's objections here, and unless there's further questions, I'll yield the rest of my time. All right, thank you. And I apologize for calling your client Mr. Gibson. It's Mr. Wilson. No worries, Your Honor. Ms. Wilcox. Good morning, and may it please the court.  My name is Kaitlyn Wilcox. I'm an assistant attorney general representing the secretary of the Florida Department of Correction, Ricky Dixon. Appellant's counsel brought up the Brown case, and it made a statement that Brown forecloses this court from—from the lower court from dismissing without prejudice. However, if this court were to apply the three-part analysis in Brown to the facts of this case, this court must affirm the dismissal. In Brown, there were three-part analysis. First, the court looked at the denial of the motion to amend. That denial was based on an erroneous legal conclusion, and so it was an abuse of discretion. But this court did not end its analysis there. This court also considered whether the inmate had alleged imminent risk of harm. And in that case, the court found that he had, in fact, alleged imminent risk of harm. The facts in this case, even including the new facts in the objection, do not establish imminent risk of harm. What's your best case for that proposition, that coming face-to-face with the person who sexually attacked you in general population doesn't put you in an imminent risk of harm for purposes of the three-strike statute? So the issue is that what he alleged is that he saw him twice randomly in general population. This is a 1,200-person prison. So that is not the proximity as was described in the Ashley Guilford case. There's also a case, Smith v. Doonbury. That site is 741 Federal Appendix 683 from this circuit, 2018. And that was a case where an inmate had been abused, assaulted in their cell by an inmate that was a member of a gang. They were removed from that cell, but they were placed in a different cell with other gang members, and they continued to make threats. In that case, they're in the cell where the affiliate gang members are making threats. That's proximity. This is a case where he's not in the same cell. He's not in the same block. He's not in the chow hall with him. He's not in the work assignment with him. He saw him twice randomly, and nothing happened. So that is not proximity. Maybe fortunately nothing happened according to his allegations, but maybe the third time's the unlucky charm for him. You know, this consideration, this inmate harm, this is a gatekeeping function. This serves a purpose. Not every inmate has to plead this. Only those who have been found to be an abusive litigant. It's a gatekeeping function, and this court allows that application to extend to just being in the same prison as someone that attacked you. That becomes an exception that swallows the rule. Congress has a response, you know... Go ahead, go ahead. I didn't mean to interrupt you. Congress had the authority and acted to reduce the abuse of pleadings and giving district courts the ability to filter them out. Can you tell me what you think the interaction in this case with federal rule of civil procedure 15A, how should we consider rule 15A in this case, which allows a party to amend as a matter of right? So generally a party exercises that right by filing an amend to pleading. That's not what he did here. In cases where someone has the right to plead under 15A and they file a motion to amend... But according to your opposing counsel, liberally construing a pro se plaintiff's objections to the R&R, we could consider this to be amended pleading, couldn't we? You could. This report did not, and that was not an abuse of discretion. But if this court were to consider the objection as a amended pleading or as a motion for amended pleading, those amendments are still futile and dismissal is still appropriate. Once again, going back to that Brown analysis, this court considered whether there was inmate harm, and they found there was. Then this court went further and looked at the actual complaints and determined, was there an actual allegation? Did he state a claim for relief? Once again, this is a case where he's trying to make a deliberate indifference under 1983, but he never states that he told the prison guard about threats. He only states that he told the mental health personnel. So with those facts... There's something about this context. Is it the PLRA that says that there should be a futility analysis that is imposed on that amendment as a right? No, the futility argument of amendment, that applies to any case. When a court does not abuse their discretion to deny leave to amend, when those amendments will be futile. Need to seek leave to amend if you can amend as a right. Pardon? You don't need to seek leave to amend if you have the ability to amend as a right. That's correct, but you exercise that right by filing that amended complaint, and he did not do that here. And this court and the Coventry First v. McCarthy case, that was a plaintiff who had the right to amend as a right, but chose to file an unnecessary motion to amend. And this court had the discretion to deny the motion to amend as futile. And once again... You mean as unnecessary? As futile. So the motion wasn't necessary because he could have just filed the amended complaint. However, when you file an amended complaint rather than filing... Let me start again. When you file a motion to amend under 15A, rather than an amended complaint under 15A, the court can then review those amendments and determine if those amendments are futile. Okay. But here, no such determination was made by the district court, right? Correct. The district court did not consider this a motion to amend, and the district court cited this court's decision, the Davis-Harrison case, and those cases very closely mirrored this. In that case, there was a pro se litigant who raised her request to file the amended complaint in one sentence at the end of the objection to the magistrate's report. They didn't describe their proposed amendments. They did not attach proposed amendments. And the district court was in the discretion to deny the one-sentence request to amend the complaints. But here, the circumstances are a little bit different in that Mr. Wilson did describe the new things that he would allege, right? It wasn't a one-liner like, let me amend. It was like, I want to add stuff to the record. I want to tell you that I've also seen my attacker a couple of times in general population, and that, in my view, puts me in imminent danger. So you had the substance of the amendment. So reviewing the plain language of the objection, the way it's written, he writes his objection, and then he states in one sentence, if I did not write the complaint on the correct form, I request that he receive those correct forms and leave for leave to amend. It's couched in an if-then sentence. So once again, reading that. But don't we read pro se filings liberally? We do. What does that mean in this context? It means in this context that while the court reads it liberally, they can't reinvent what he asked for. And so I don't think the court abused their discretion by seeing this if-then statement couched in addition to arguments that were made addressing the magistrate's report. And then a conclusion that does not ask for leave to amend. The conclusion only asks that this court find that he has adequately led imminent harm. To read all of that and to not look at that as a motion for leave to amend. However, even if this court finds that he should have read that as leave to amend, dismissal without prejudice is still appropriate. It's still supported on the record. Because the new allegations do not establish imminent harm. And even if he crossed that threshold, his actual complaint, he does not state a valid claim for relief. And so... But nobody's ruled on the merits of his complaint. Nobody's gone through a 1915 screening with regards to merits. The magistrate judge just based the recommendation on the three strikes provision and sorted the district court. And in Brown, no one went through that screening either. This court took it upon themselves to review the record and see if this court could affirm the dismissal on any ground. And in Brown, the court found that he had alleged imminent harm and he had stated a valid claim for relief. Applying that analysis to these facts, where he's saying that there was a deliberate indifference, but he never told his guard that there were these threats being made, there is no subjective knowledge to establish the elements required for deliberate indifference. So in this case, it's very distinct from Brown because there is no imminent danger and there is no claim for relief. And this court must affirm the district court's dismissal. Once again, this is a gatekeeping function to keep frequent filers who abuse the system from continuing to abuse the system. And that's why the dismissal without prejudice is the most appropriate response to this particular inmate. Once again, he's not... But if he's allowed to... I mean, I can foresee one problem for him if we do as you ask us to do. Imminent danger is assessed at the time of the filing of the complaint, right?  Okay. So assume for a moment, I know you don't agree with this, but assume for a moment that his proposed amendment established imminent harm at that time. If we affirm the dismissal here without prejudice, that's going to force him to file a new case, right? Correct. But in the new case, he's not going to be able to allege imminent harm because he's now been moved to a new facility where the perpetrator of the sexual assault is not with him. And so he's going to lose what he could have gotten in case number one, assuming, I know you disagree, that the allegations of imminent harm were sufficient. So how do we remedy that? We'll also assume in case number one that he both pled imminent harm and he pled a valid claim for relief. However, in this case, he's not foreclosed from bringing his claim. He's only foreclosed from bringing his claim without paying the filing fee up front. And that's the consequence of his repeated abuse of filings. So if he wants to pursue this claim, he can do so. He just has to pay that filing fee or find an attorney that will take this case on a contingency basis. But once again, he chose to delay refiling. He could have refiled the day that this, he could have filed a minute complaint when he got the magistrate's report. He could have filed a new claim when the trial court adopted the magistrate's report. He could have filed a new claim anytime before he was moved. He chose to delay that. That's his choices. The only person keeping Mr. Wilson from pursuing this claim is Mr. Wilson. What do you do with the old Fifth Circuit cases that require a district court to treat something like what Mr. Wilson filed as an amendment to the complaint? So here's the language in Grunder from 1979. McGrunder, I'm sorry. In view of the liberality accorded to pro se petitioners, the district judge should have treated the materials filed by the plaintiff, however denominated, they were denominated as a memo in opposition to a motion to dismiss, as an amendment to his complaint or addition in the nature of an amendment. What do we do with those cases? So even as court finds that the district court should have treated this as a motion to amend, the dismissal without prejudice is still correct because proposed amendments are futile if the complaint as amended still faces dismissal. So once again, we can't just look at the objection we have to look at. Does that objection get him past that line of imminent harm? And once again, this criteria of imminent harm, that's a gatekeeping function. And if you expand that imminent harm to allow any inmate who's housed at any facility with a fellow inmate that once caused them harm without any showing of proximity or that imminency, that urgency, that becomes an exception that swallows the rule. So we're asking this court to affirm the dismissal. And this court can affirm dismissal because you find that he did not adequately file a motion to amend. This court can affirm the dismissal because the amendments are futile. This court can affirm the dismissal because at no point did he actually say a valid claim for relief. But dismissal without prejudice is the correct outcome, and that outcome is supported by the record and is supported by the controlling case, which is Brown. And if there's no other questions, I thank you so much for your time. All right, thank you very much. Thank you. Finally, I'll just respond with three points. First, opposing counsel pointed out Mr. Wilson's three-striker status a couple of times in her arguments through what she called, quote, abuse of the system. We would respond that section 1915G explicitly exists to allow a three-striker like Mr. Wilson, no matter what's happened in his previous cases, to access the court system IFP if he faces imminent harm like he did here. And so under Brown and 1915G, his three-striker status does not change the result. Second, opposing counsel raised that it might be unclear from Mr. Wilson's objections that he tried to amend. We think that's wrong for two reasons. First, again, the objections were filed in response to a report that identified deficiencies in the complaint, and he offered supplemental allegations to address those deficiencies. There's no other reason why he would do that unless he was trying to amend his complaint or supplement his complaint via an amendment. And the district court seemingly acknowledged that such when in its dismissal order, it acknowledged his new allegations, but simply decided to not consider them. So we don't think that it's unclear here that Mr. Wilson was trying to offer those allegations as an amendment. And third, opposing counsel raised futility. We don't think that the court should reach that here for a number of reasons. The first being that, as Your Honor pointed out, no one has ruled on that issue. And second, the court has not even received a briefing on that issue, either at this stage or at the stage that Mr. Wilson first appealed this case. And so we think that the better course here would be to reverse and remand for the district court to consider that in the first instance when it considers Mr. Wilson's amendments. Thank you, Your Honors. Thank you both very much. It was helpful. Thank you. Come on up. Don't be shy. Case number three. Number 24-1.